UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY MALOCO,<br><br>   Plaintiff,<br><br>  v.<br><br>PROMETRIC, INC., et al.,<br><br>   Defendants. | Case No. 13-cv-00238 NC<br><br>**REMINDER NOTICE OF UPCOMING TRIAL AND FINAL PRETRIAL CONFERENCE** |

  This notice serves as a friendly reminder that this case remains set for a **FINAL PRETRIAL CONFERENCE** on February 12, 2014, at 2:00 p.m., with a **JURY TRIAL** on February 24, 2014. Please consult the existing case management order and review and follow all standing guidelines and orders of the undersigned for civil cases on the Court's website at http://www.cand.uscourts.gov. Continuances will rarely be granted.

  The final pretrial conference will be an important event, for it will be there that the shape of the upcoming trial will be determined, including in limine orders, time limits and exhibit mechanics. Lead trial counsel must attend.

  To avoid any misunderstanding with respect to the final pretrial conference and trial, the Court wishes to emphasize that all filings and appearances must be made — on pain of dismissal, default or other sanction — unless and until a dismissal fully resolving the case is received. It will not be enough to inform the clerk that a settlement in principle has been

Case No. 13-cv-00238 NC
REMINDER NOTICE

reached or to lodge a partially executed settlement agreement or to lodge a fully executed agreement (or dismissal) that resolves less than the entire case. Where, however, a fully-executed and unconditional settlement agreement clearly and fully disposing of the entire case is lodged reasonably in advance of the pretrial conference or trial and only a ministerial act remains, the Court will arrange a status conference to work out an alternate procedure pending a formal dismissal.

Please state whether the Court can be of further ADR assistance (but avoid stating offers, counteroffers or dollar amounts).

In this case, the Court wishes to consider the following additional trial procedures and desires that counsel meet and confer and reach a stipulation concerning whether and how to use them:

1. Scheduling opposing experts so as to appear in successive order;

2. Giving preliminary instructions on the law;

3. Allowing limited pre-closing deliberations (as per, e.g., Rule 39(f) of the Arizona Rules of Civil Procedure); and

4. Allowing each side fifteen minutes of opening/argument time to be used during the evidence time.

Please present the results of your stipulation (or not) in the joint pretrial conference submissions.

IT IS SO ORDERED.

Date: January 27, 2014

                         Nathanael M. Cousins
                         United States Magistrate Judge